IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| **NATIONAL LABOR COLLEGE, INCORPORATED, f/k/a GEORGE MEANY CENTER FOR LABOR STUDIES – NATIONAL LABOR COLLEGE** 10000 New Hampshire Avenue Silver Spring, MD 20903 <br><br> **Plaintiff,** <br><br> v. <br><br> **RMJM HILLIER, INC., formerly known as THE HILLIER GROUP ARCHITECTURE, NEW JERSEY, INC.** 500 Alexander Park Princeton, NJ 08543 <br><br> Serve: CSC – Lawyers Incorporating Service Company 7 St. Paul Street Baltimore, MD 21202 <br><br> and <br><br> **TOLK, Inc.** 8401 Arlington Boulevard Fairfax, VA  22031 <br><br> Serve: CSC – Lawyers Incorporating Service Company 7 St. Paul Street Baltimore, MD 21202 <br><br> **Defendants.** | Civil No. |

## COMPLAINT

**COMES NOW,** Plaintiff National Labor College, Inc, f/k/a George Meany Center for

Labor Studies – National Labor College ("the College" or "Plaintiff"), by and through its

undersigned counsel, for its Complaint against Defendants RMJM Hillier, Inc. and TOLK, Inc.,

the College alleges that it is entitled to relief as set forth below.

## THE PARTIES

1.      The College is a higher educational institution incorporated under the laws of the

State of Maryland and having its principal place of business at 10000 New Hampshire Avenue,

Silver Spring, MD 20903.

2.      Defendant RMJM Hillier, Inc., formerly known as The Hillier Group

Architecture, New Jersey Inc. (henceforth, "Hillier"), is an architectural firm incorporated under

the laws of the State of New Jersey and having its principal place of business in Princeton, New

Jersey.

3.      Defendant TOLK, Inc. ("TOLK") is an engineering firm incorporated under the

laws of the Commonwealth of Virginia and having its principal place of business in the

Commonwealth of Virginia.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because

this action is between citizens of different states and the amount in controversy exceeds the sum

of $75,000, exclusive of interest and costs.

5.      Pursuant to 28 U.S.C. § 1391(a)(2), venue in the District of Maryland is proper

because a substantial part of the acts and omissions giving rise to the claims occurred in this

District and because a substantial part of property that is the subject of the action is situated in

this District.

## FACTS

### Background

6.      On or about August 30, 2003, the College and Defendant Hillier entered into a written contract, copy attached hereto as Exhibit 1 ("Hillier Contract"), to prepare complete architectural and engineering design documents ("A/E Documents") for the planned Lane Kirkland Center ("LKC"), a new two-story multipurpose building on the College property ("the Project"). The LKC was planned to contain classroom facilities, kitchen and dining facilities, conference rooms, and retail areas for the use by the faculty and students of the College.  The College receives revenue from renting out a portion of the LKC for events and depends upon such revenue for its operations.

7.      In 2003, Hillier and TOLK entered into a written contract, ("TOLK Contract"), for the mechanical, electrical, and plumbing design of the Project.

8.      The TOLK Contract required TOLK to provide the mechanical, engineering and plumbing drawings and specification for the Project.

9.      In February 2004 the College submitted the Hillier and TOLK plans to be "peer reviewed" by other architectural and design firms. The peer reviewers found several problems with the Hillier and TOLK designs. The peer review comments were furnished to Hillier and TOLK in or around March 2004. Hillier and TOLK thereafter incorporated some, but not all, of the comments received from the peer reviewers. By mid-April 2004, Hillier assured the College that the plans and specifications were ready for bidding and construction.

10.      On or around April 2004, Hillier issued plans and specifications for bidding by general contractors.  Initial bids were received in late May 2004, and the College conducted negotiations with general contractors in the summer of 2004.

3

11.     On September 14, 2004, the College issued the Notice to Proceed to the general
contractor, Grunley Walsh U.S., LLC (formerly The Grunley Walsh, LLC) to construct the LKC.
The project was to be substantially complete by December 8, 2005.

### Hillier and TOLK's Defective Designs

12.     As stated in article 12.3 of the Hillier Contract, Hillier agreed to perform its work
"in a manner consistent with the highest level of care and skill ordinarily exercised by, and
experience of, members of the architectural profession within the industry in the Washington,
D.C. metropolitan area[.]" Hillier promised that its A/E Documents would be "sufficiently
detailed for use by the Owner, the Owner's Contractor and the Owner's Representative to
construct the Project. The completed Project shall conform to all applicable government
regulations, statutes, codes, and ordinances o[f] Maryland and any other government or
regulatory authority having jurisdiction over the Project."

13.     Hillier and/or TOLK prepared A/E Documents that were deficient and failed to
meet the standard of care required of architects and engineers providing similar services in
Maryland during the period covered by this Complaint and/or which failed to meet the
professional standards of care applicable to architectural and engineering work, and also failed to
meet the level of performance promised by the Architect in the Hillier Contract. These failures
and deficiencies include but are not limited to the following:

- In numerous instances, the A/E Documents failed to conform to applicable construction,
  fire safety, life safety, and other codes, ordinances, government regulations and standards
  in force in Montgomery County, and the State of Maryland, during the period covered by
  this Complaint; and

4

- In numerous instances, the A/E Documents failed to provide adequate detail to enable the timely and complete preparation of shop drawings for the construction of the LKC; and

- In numerous instances, the A/E Documents were in conflict with each other, and/or lacked sufficient detail for the construction of the LKC and;

- In numerous instances, the A/E Documents contained incorrect specifications of equipment and/or materials to be used in the construction of the LKC; and

- In numerous instances, the A/E Documents demonstrated a lack of coordination between and among the architect and engineers providing input into the A/E Documents with the result that the drawings were inadequate for prompt and efficient construction of the LKC.

14.     As a result of the defects and inadequacies of Hillier and/or TOLK in the preparation and revision of the A/E Documents as outlined above and in other ways to be detailed during discovery, substantial completion of the LKC was delayed by a period of time, believed to be approximately six months. Some of the major factors contributing to this delay included deficiencies, errors and omissions in the design of fire prevention measures, fire alarm systems, security systems, and other life safety measures. Many of these deficiencies, errors and omissions were not discovered until late in the contractor's performance. The deficiencies, errors and omissions resulted in some instances in the rejection of completed work by local inspection authorities, including the fire marshal, as well as substantial corrective work to the A/E Documents, and additional work by the contractors, in order to permit the LKC to be used for its intended purposes.

15.     As a further result of the defects and inadequacies of Hillier and/or TOLK in the preparation and revision of the A/E Documents and the supervision of construction of the LKC

as outlined above and in other ways to be detailed during discovery, the College was required to award change orders to the contractor and to pay certain sums to the Contractor on account of the errors and omissions referred to above.

16.     As a result of the matters described hereafter, the College suffered losses, damages and diminution in the value of the LKC, including but not limited to the costs referred to hereafter, the loss of revenues from operations at the LKC arising from its late completion, the need to incur excess professional and supervision fees and costs as well as other costs and expenses.

17.     As a result of Hillier and TOLK's defective designs, the College was presented with numerous claims for additional compensation from the contractor and subcontractors on the Project. Those claims required the College to incur additional costs and attorney's fees in order to respond to and, when appropriate, resolve.

### Relevant Contract Terms and Breaches Thereof

18.     The Hillier Contract contained certain requirements and duties to be performed by Hillier for the College, which Hillier breached. These include but are not limited to:

- Hillier's breach of its duty under articles 2.3 and 2.4, among others, of the Hillier contract to provide complete A/E Documents suitable for construction;

- Hillier's breach of its obligations under article 2.6, among others, to properly revise its drawings and to issue signed and sealed drawings when directing the contractors to perform changed or extra work;

- Hillier's breach of its duty under article 12.1 to provide drawings and specifications that conformed with all applicable laws, regulations, ordinances, codes, and professional standards applicable to projects like the LKC;

6

- Hillier's failure to furnish the contractors with accurate information about the project requirements in a timely manner in response to requests for information ("RFIs") from the contractors;

- Hillier's failure to perform weekly inspections as required by its contract, and its failure to discover and reject nonconforming work in a reasonable and timely manner.

19.    Hillier Contract in 12.1(b) states:

In the event that Owner defends itself against a claim and liability imposed by a court upon the Owner with respect to such a claim as a result of any negligent act or omission of the Architect or any consultant of the Architect for which the Architect or such consultant are determined by a court to be liable, then the Owner shall be entitled to recover from the Architect and from such consultant, as one element of the Owner's damages, the costs of defending such claim. Notwithstanding the provisions of the preceding sentence, if any liability is imposed by a court upon the Owner only in part as a result of any negligent act or omission for which the Architect or any of the consultants is determined by a court to be liable, then the Architect and such consultants shall pay its pro rata share of the cost of defending such suit based upon the percentage of fault attributable to the Architect and such consultants as determined by the court. Notwithstanding the foregoing obligations of the Architect's consultants, the Architect shall be primarily liable for any such claims and costs attributable to the fault of the Architect's consultants.

20.    As a result of the deficient preparation of the A/E Documents, the College was required to defend itself against claims from the contractor and its subcontractors. As a result of the claims by the contractors against the College, the College incurred significant costs in the defense of those claims.

21.    With regard to causes of action against Hillier and/or TOLK, the Hillier contract provides as follows at paragraph 9.3:

Causes of action between the parties to this Agreement pertaining to acts or failures to act shall be deemed to have accrued and the applicable statutes of limitations shall commence to run not later than either the date of Substantial Completion for acts or failures to act occurring prior to Substantial Completion, or the date of issuance of the final Certificate for Payment for acts or failures to act occurring after Substantial Completion, provided, however, that this provision

7

shall be subject to such longer time periods as may be prescribed by applicable law. Notwithstanding any other revision of this Subparagraph, and without limitation, the applicable statute of limitations with respect to acts and omissions that involve latent defects shall commence to run at the earlier to occur of the date that such latent defect is discovered and the date when such defect should reasonably have been discovered by the Owner, its successors and/or assigns.

22.     This action is timely under paragraph 9.3 and under Maryland law because it is brought within three years after the project was substantially completed, which occurred on October 11, 2006.

**COUNT I**
**(Negligence — Against Hillier)**

23.     The College re-alleges Paragraphs 1 through 22 above, as if fully set forth herein, and further alleges:

24.     Hillier had a duty to provide professional designs and specifications consistent with the generally recognized standard of care under the same or similar circumstances.

25.     Hillier failed to adhere to the required standard of care to provide competent architectural and engineering drawings and specifications.

26.     Hillier either did not possess the degree of skill, care, judgment or expertise required of them in its service to the College or did not use the degree of skill, care, judgment or expertise required of them in its service to the College, and thereby breached the duty of care owed to the College.

27.     Hillier failed to exercise reasonable care, competence, diligence and technical skill and ability in designing, managing, administering, and inspecting the work required to be performed pursuant to the Contract.

28.     Hillier owed the College a duty to ensure that the Project was designed, managed, administered, and inspected in accordance with acceptable industry practices and standards.

29.    Hillier breached its duties to the College and was negligent in designing, managing, administrating, and inspecting the Project.

30.    Hillier was negligent in performing its professional design duties to provide bidders sufficiently complete engineering design documents that correctly defined the work.

31.    As a direct, proximate, and foreseeable result of Hillier's negligent design, management, administration, and inspection required to be performed pursuant to the Contract, the College has incurred monetary damages in excess of $75,000 exclusive of interest and costs, the precise amount of which damages shall be determined prior to trial.

## COUNT II
### (Negligence — against TOLK)

32.    The College re-alleges Paragraphs 1 through 22 above, as if fully set forth herein, and further alleges:

33.    TOLK had a duty to the College, as the owner of the Project, to provide professional designs and specifications consistent with the generally recognized standard of care under the same or similar circumstances.

34.    TOLK failed to adhere to the required standard of care by provide competent architectural and engineering drawings and specifications.

35.    TOLK either did not possess the degree of skill, care, judgment or expertise required of them in their service to the College or did not use the degree of skill, care, judgment or expertise required of them in their service to the College, and thereby breached the duty of care owed to the College.

36.    TOLK failed to exercise reasonable care, competence, diligence and technical skill and ability in designing the work required to be performed pursuant to the Contract.

37.    TOLK owed the College a duty to ensure that the Project was designed in

9

accordance with acceptable industry practices and standards.

38.     TOLK breached its duties to the College and was negligent in designing the

Project.

39.     TOLK was negligent in performing their professional design duties to provide

bidders sufficiently complete engineering design documents that correctly defined the work.

40.     As a direct, proximate, and foreseeable result of TOLK's negligent design of the

work required to be performed pursuant to the Contract, the College has incurred monetary

damages in excess of $75,000, exclusive of interest and costs, the precise amount of which shall

be determined prior to trial.

### COUNT III
### (Breach of Contract — against Hillier)

41.     The College re-alleges Paragraphs 1 through 22 as if fully set forth herein, and

further alleges:

42.     The College has performed all of its duties and obligations owed under the

contract, as amended.

43.     The College has satisfied all conditions precedent to bringing this action.

44.     Hillier has failed and refused to perform its duties and obligations under the

contract.

45.     Hillier has breached the contract by failing and refusing to perform all duties and

obligations under the contract.

46.     As a result of the Hillier's breach of contract, the College has sustained damages

in the excess of $75,000, plus interest, costs, and attorney fees exclusive of interest and costs, the

precise amount of which damages shall be determined prior to trial..

## COUNT IV
### (Indemnification — against Hillier)

47.     The College re-alleges Paragraphs 1 through 46 as if fully set forth herein, and further alleges:

48.     Hillier's contract required Hillier to indemnify and hold the College harmless for any damages, claims, liabilities, costs, and expenses, including attorney's fees, arising out of Hillier's work on the project.

49.     The College has incurred costs and expenses, including attorney's fees, resulting from Hillier's breach of contract and negligent design management, supervision, and inspection of the Project.

50.     Hillier is liable to indemnify the College for all damages, claims, liabilities, costs, and expenses, including attorney's fees, that have arisen out of Hillier's negligence and breach of contract.

51.     As a result of the Hillier's duty to indemnify the College, the College is entitled to damages in the excess of $75,000, plus interest, costs, and attorney fees exclusive of interest and costs, the precise amount of which damages shall be determined prior to trial..

### **PRAYER FOR RELIEF**

52.     **WHEREFORE**, the College prays that this Court:

a.     Enter judgment in favor of the College against the Defendants Hillier and TOLK in excess of $75,000, plus interest, costs, and attorney's fees the precise amount of which damages shall be determined prior to trial; and

b.     Grant the College any such other relief deemed just and appropriate.

11

## JURY DEMAND

53.    The College hereby requests a trial by jury on all issues so triable.

Dated: November 7, 2008

Respectfully Submitted,

*Herman M Braude*

Herman M. Braude, Esq.
Federal Bar 02573
Braude & Margulies, P.C.
1200 Potomac Street, N.W.
Washington, D.C. 20007
Tel (202) 471-5400
Fax (202) 471-5404
hbraude@braudemargulies.com
Attorney for Plaintiff